UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAQUEL MUNIZ,

                        Plaintiff,                 **MEMORANDUM
AND OPINION**

       -against-                         CV 20-4794 (AYS)

NEW HORIZON COUNSELING
CENTER, INC,

                        Defendant.
------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

Plaintiff, Raquel Muniz ("Plaintiff" or "Muniz"), commenced this action against

Defendant, New Horizon Counseling Center, Inc. ("Defendant," or "New Horizon"), alleging

Federal and State claims arising out of her request for counseling services at the Defendant

counseling center. (Compl., Docket Entry ("DE"), [1].) She filed an Amended Complaint on

February 26, 2021, alleging disparate treatment on account of her disability. (DE [14].) Presently

before the Court is Defendant's motion to dismiss motion to dismiss, pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure. (DE [18].) For the following reasons, the motion is

denied.

<u>BACKGROUND</u>

The facts set forth below are drawn from Plaintiff's Amended Complaint. They are

construed, as required in the context of the present motion, in Plaintiff's favor.

I.     <u>The Parties</u>

Plaintiff is deaf and communicates via American Sign Language ("ASL") and lip

reading. (Am. Compl. ¶¶ 2, 22.) Her primary method of communication is ASL; lip reading is a

1

secondary form of communication. (Am. Compl. ¶ 22.) Defendant is a counseling service provider with offices in this district. (Am. Compl. ¶ 13.)

II.    Plaintiff's 2019 Interactions with Defendant

   A.    February 2019 and March 14, 2019

       In February of 2019, Plaintiff sought counseling services with Defendant and was told that she could bring an interpreter with her to her session. There is no indication in the Amended Complaint that Plaintiff sought an ASL interpreter or services of any kind at that time. Nor is there any pleading alleging that Plaintiff was denied any services in February of 2019.

       Plaintiff's next encounter with Defendant was in or around March 14, 2019. At that time, Plaintiff received counseling services from New Horizon employee, Ashley Gitlitz ("Gitlitz"). (Am. Compl. ¶ 26.) Plaintiff communicated with Gitlitz via lip reading. (Id.) Plaintiff neither brought anyone to assist her, nor asked for an interpreter for assistance when communicating with Gitlitz. Plaintiff does not plead that she was denied any services or assistance in connection with her March 14, 2019 counseling with Gitlitz. After her first session with Gitlitz, Plaintiff missed her next scheduled appointment, which was to take place on March 22, 2019. (Am. Compl. ¶ 34.) Plaintiff acknowledges missing this earlier session, explaining that a school conference lasted longer than expected. (Id.) Plaintiff's next encounter with New Horizon took place on March 25, 2019.

   B.    March 25, 2019

       On March 25, 2019, after missing her March 22, 2019 appointment, Plaintiff went to the New Horizon office and attempted to schedule another appointment. (Am. Compl. ¶ 27.) She was accompanied by her son, Jeremy. It is the March 25, 2019 encounter with a member of the New Horizon staff, along with the earlier described February 2019 discussion (when Plaintiff

2

alleges that she was told that she could bring her own interpreter) that forms the basis for Plaintiff's claim of disparate treatment.[1] Any reading of the Amended Complaint makes clear that March 25, 2019 was the only time that Plaintiff alleges an actual denial of equal treatment by Defendant.

Turning to the March 25, 2019 encounter, the Amended Complaint quotes parts of Plaintiff's conversation with Nitza Hasis ("Hasis"). Hasis is an individual who Plaintiff claims to be a New Horizon "director." (Am. Compl. ¶ 27.) Defendant states that Hasis is a New Horizon manager. Regardless of title, Hasis was a New Horizon employee who had a discussion with Muniz regarding her March 22, 2019 missed appointment, and her attempt to schedule a new appointment and/or be seen on March 25, 2019. Plaintiff recorded her conversation with Hasis. While a transcript of the conversation is not appended to the Amended Complaint, the conversation is quoted in the Amended Complaint. Plaintiff interprets the conversation to support her claims of disparate treatment.[2]

As stated in the Amended Complaint, Hasis told Plaintiff, "if nobody knows sign language to sign, we cannot communicate." (Am. Compl. ¶ 28.) Hasis is stated to have offered to find a different place for counseling where Plaintiff could receive services or "a place where [she] can go with special sign language and everything," like Zucker Hospital. (Am. Compl. ¶ 29.)  Muniz states that she made clear to Hasis that because she had an urgent need for counseling, and since she could read lips, there was no need to have a provider communicate via

---

[1]     While Plaintiff alleges several different causes of action, all are based upon a disparate treatment theory. Plaintiff denies raising any action based upon a failure to accommodate. See Am. Compl. ¶ 39("Plaintiff has opted to base her claim on a theory of disparate treatment.").
[2]     Plaintiff's recording of the March 25, 2019 conversation has been provided to defense counsel. While the recording has been provided to the Court, it does not appear on the docket herein.

ASL. (Am. Compl. ¶ 30.) Plaintiff's son, Jeremy, communicated the same information, saying that his mother "doesn't mind not having an interpreter. She just wants to speak with somebody. She can read lips perfectly fine." (Am. Compl. ¶31.) Hasis is stated to have replied that "she cannot force a doctor if they say no." (Am. Compl. ¶ 32.) Hasis also offered to set Plaintiff up with a New Horizon counselor named "Andrea," who Hasis described as "very good, so maybe she would do it because she's more open-minded." (Id.)  Hasis is alleged to have told Plaintiff that New Horizon doctors, including Dr. Singh, "were aware that Plaintiff was deaf and were unwilling to treat [Plaintiff] due to communication barriers, stating that 'the issue is that the doctor don't feel comfortable,'" that the doctor "cannot do a psych evaluation without communication," and that "I just question if any prescriber is willing to see you." (Am. Compl. ¶ 33.) During the taped conversation with Plaintiff, Hasis spoke with Gitlitz, who confirmed her unwillingness to meet with Plaintiff, because she was no longer a client with New Horizon. (Am. Compl. ¶ 36.) When Plaintiff asked Hasis whether New Horizon was refusing to treat Plaintiff "because of perceived issues with communication," Hasis is stated to have agreed that "[i]t's communication also but they told you to come and you didn't come." (Id.) The reference to Plaintiff not coming refers to her missing her March 22, 2019 appointment. Plaintiff characterizes and relies on the foregoing encounter as discriminatory, i.e., as stating a plausible claim of disparate treatment.

III.    The Initial Complaint and Facts Preceding the Amended Complaint

Plaintiff filed her initial Complaint on October 6, 2020. (DE [1].) The Complaint was served on Defendant on December 18, 2020. (DE [8].) On October 30, 2020, after the Complaint was filed, but before service thereof, Plaintiff began communicating with a New Horizon employee named Shannon, via text message. (Am. Compl. ¶ 53.) By any account, Plaintiff's

communication and her sessions with Shannon went well. Plaintiff attributes Shannon's willingness to treat Plaintiff to the commencement of this lawsuit. (Id.) While transcripts of text messages between Plaintiff and Shannon are not annexed to the Amended Complaint, they are quoted therein. Thus, in the Amended Complaint it is stated that on November 4, 2020, Plaintiff asked Shannon to arrange for an interpreter to be present at their next session. Shannon told Plaintiff that New Horizon would provide an interpreter. During their conversation, Shannon asked Plaintiff whether she had "someone you would bring with you to sessions that helps you with [appointments] or anything? If not, we are trying to get an interpreter from another facility." (Id.) Plaintiff contrasts Shannon's handling of Plaintiff's situation with the treatment she received in February and March of 2019, which Plaintiff characterizes as less favorable than treatment given to other non-disabled individuals. (Am. Compl. ¶ 54.)

IV.     The Amended Complaint

The Amended Complaint alleges violation of both Federal and State law. As noted, Plaintiff states that her claims are based upon a theory of disparate treatment. (Am. Compl. ¶ 39.) The Amended Complaint refers to her claim as raising a "fact-intensive" inquiry as to whether Plaintiff was treated less favorably that others because of her disability by, among other things, "steering" her to a different provider. (Am. Compl. ¶ 40.) Plaintiff states that as a result of Defendant's treatment she has, and will continue to, suffer emotional distress and psychological harm. (Am. Compl. ¶ 41.)

As to relief sought, Plaintiff seeks compensatory damages, nominal damages, penalties available under law, attorney's fees and any other relief deemed just and proper. (See generally Am. Compl. at Prayer for Relief.)

5

V.      The Present Motion

        Defendant moves to dismiss the Amended Complaint in its entirety. Defendant argues

that, when considered in full context, the March 25, 2019 encounter fails to state a plausible

claim in support of any of the Federal or State claims alleged. Plaintiff, arguing repeatedly that

her claim is fact-intensive, opposes the motion in its entirety.

ANALYSIS

I.      Legal Standards on Motion to Dismiss

        To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010).

Facial plausibility is established by pleading factual content sufficient to allow a court to

reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at

555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting

Twombly, 550 U.S. at 555).

        As required in the context of this motion to dismiss, the factual allegations in the

Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion,

and all reasonable inferences are drawn therefrom in favor of the Plaintiff. While facts to

consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in

the pleadings, a court may consider matters outside of the pleadings under certain circumstances.

Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents

6

attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

II.     Documents The Court Will Consider

Defendant seeks to have the Court consider the entire recording of the Mach 25, 2019 conversation with Hasis, as well as transcripts of text messages with Shannon, and emails supporting Defendant's position. While the recording of the March 25, 2019 conversation with Hasis was provided to chambers in an effort to settle this matter, neither the full recording nor a transcript thereof appear on the public docket. For that reason alone, the Court may not consider the recording in its decision on the pending motion.

Even if the Court were to order public filing of the recording and transcript, the Court would nonetheless decline to consider it in the context of the present motion. While the Court agrees with Defendant that the conversation is critical to Plaintiff's claims, and portions of her recording are quoted in the Amended Complaint, the parties' opposing interpretation of the conversation makes such consideration improper in this motion to dismiss. Thus, while Plaintiff's selective quotes seem to support a claim that Plaintiff may have been treated differently from a similarly situated hearing individual, Defendant argues that when the entire recording is heard it becomes clear that Plaintiff was not treated differently. Instead, Defendant characterizes the recording as evidence that Plaintiff was attempting to trap Hasis into saying the wrong thing, repeatedly asking whether Hasis was denying services to Plaintiff because she is deaf.  In support of its position, Defendant notes that the Amended Complaint relies on "what

amounts to 14 seconds" of the entire recording of the March 25, 2019 incident. (DE [18-7] at 4.) Plaintiff counters that her interpretation of the recording is the only proper interpretation and shows a clear case of disparate treatment.

It is not for the Court to determine, at this stage in the proceedings, whether the recording definitively supports either party's position. The factual question raised by the issue of interpretation makes it improper to consider and interpret the recording in the context of a motion to dismiss. The Court therefore will not consider the recording in the context of the present motion. The Court reaches the same conclusion with respect to the text messages and emails submitted by the Defendant. As matters outside of the pleadings, the Court declines to consider these documents in the context of the present motion.

The Court turns to dispose of the motion, relying only on the allegations of the Amended Complaint.

III.    Disposition of the Motion to Dismiss

Upon consideration of the Amended Complaint – and the Amended Complaint alone – the Court holds that Plaintiff pleads a plausible, although weak, claim of disparate treatment. Thus, construing all facts pleaded in her favor, Plaintiff plausibly pleads that she was treated differently from a similarly situated hearing individual.

After the taking of at least some proportionate discovery, including the depositions of Plaintiff and her son, as well as a review of Defendant's policies, the strength of the parties' positions will become clear. After such discovery, which the Court will endeavor to limit to the proportional needs of this case, it may be the case that no reasonable jury could find in favor of Plaintiff. A finder of fact could certainly hear the recording of the March 25, 2019 incident and determine that, as Defendant argues, it reveals nothing more than a conversation among Plaintiff,

her son, and a New Horizon employee who was trying her best to properly reschedule Plaintiff's appointment. Thus, Hasis may well have been trying to find an immediate solution to Plaintiff's emergency request for treatment. It may very well be that Plaintiff was treated no differently from any other individual who had missed an appointment – whether or not that individual had a disability. On the other hand, after a review of Defendant's policies and any implementation thereof, it may be found that those policies did, as Plaintiff argues, impermissibly treat disabled people differently. It may be that Plaintiff was impermissibly treated differently on account of her disability. The ultimate facts cannot be found on this motion to dismiss. Instead, the only thing that the Court can state with clarity is that Plaintiff states a plausible claim. Discovery may lend further support to that claim or may diminish it in the eyes of a jury. At this point in the proceedings, however, the case must proceed.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss is denied. Counsel are to confer and submit a joint letter on the docket, within two weeks of the date of this order, setting forth a proposed discovery schedule. That schedule must include a list of documents that can be voluntarily exchanged without the need for formal discovery requests. Such documents must include, at a minimum:

- all emails and text messages between Plaintiff and New Horizon;

- New Horizon's policies regarding the provision of ASL services or other assistance to deaf clients between 2019 and the present; and,

- New Horizon's policies with regard to clients who miss previously scheduled appointments.

Additionally, the parties are directed to collaborate and agree upon a transcript of the recording of the entire encounter of March 25, 2019. The transcript must clearly identify all speakers. Plaintiff shall also produce any other recording that she has of Defendant's employees. The parties shall also exchange lists of all witnesses.

Upon review of the parties proposed schedule, this Court will, if necessary, schedule a discovery conference.


**SO ORDERED:**

Dated: Central Islip, New York
       February 11, 2022                      /s/      Anne. Y. Shields          
                                           ANNE Y. SHIELDS
                                           United States Magistrate Judge